RALPH LEETE ET AL. *v.* THE FIRST NATIONAL BANK OF IRONTON.

Where a solvent assignee of the property of an insolvent wrongfully paid to a creditor of the insolvent more than his proper proportion of the assets, and the amount of the excess so paid was subsequently recovered from the sureties of the assignee by his successor in office: *Held*, that the sureties could not, by subrogation or otherwise, maintain an action to recover the amount of such excess from the creditor.

ERROR to the District Court of Lawrence county.

The plaintiffs were sureties of Flesher on his official bond given for the discharge of his duties as assignee of Perry, an insolvent debtor. Flesher wrongfully and knowingly paid to one of the creditors of Perry more than his due proportion of the assets, and the amount of the excess

so paid was afterward recovered from the sureties of Flesher by his successor in office, in an action upon the bond. The sureties then brought their action against the creditor of the insolvent to recover from him the amount so overpaid, but without alleging the insolvency of the defaulting assignee, and the courts below held that the action could not be maintained.

*John Hamilton,* for plaintiffs in error:

The only question in the case is, are the sureties on the bond of the assignee (Flesher) substituted or subrogated to the rights of the creditors?

We claim they are. *Copis* v. *Middleton,* 1 Turn. & Russ. 224–231; *Hodgson* v. *Shaw,* 3 Mylne & Keen, 183; Story's Eq. Jurisprudence, sec. 499c, note 1; *King* v. *Baldwin & Fowler,* 2 Johns. 554; *Neilson & Churchill* v. *Fry,* 16 Ohio St. 552; *Lumpkins* v. *Mills,* 4 Ga. 343; *The Branch Bank at Mobile* v. *Robertson,* 19 Ala. 798; *Smith* v. *Alexander,* 4 Sneed, 482; *Cheever* v. *Wilson,* 9 Wallace, 108; *Hayes* v. *Ward,* 4 Johns. 122.

The *nature* of the suretyship of the plaintiffs (Leete and others) should be considered in arriving at a conclusion. It is created by statute. S. & C. 709, sec. 1, act of April 6, 1859. The undertaking is made payable to the State of Ohio. On it any *person* injured may sue in his own name. They stand in the relation of surety *to* all persons having a claim on the assets of the assignee, that those assets shall be applied as the statute directs. They are not in any manner beneficiaries, and, in equity and good conscience, should be let in to pursue any fund, trust, or remedy that the creditor, whose claim they have satisfied, might have pursued.

The doctrine of substitution results more from equity than contract or *quasi* contract, except that known equity may be supposed to *import* into the transaction a contract by implication. The doctrine is borrowed from enlightened Roman jurisprudence.

*E. V. Dean* and *O. F. Moore,* for defendant in error.

By THE COURT. We see no error here. It is enough to say that the defaulting assignee is not shown to be insolvent. We must presume that he is solvent until the contrary is shown. Apparently, therefore, the plaintiffs have a plain remedy against him. Whether, in case of his insolvency, the sureties could maintain the action, by subrogation or otherwise, need not now be decided.

*Judgment affirmed.*